# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **RAESHAUN PERRY ROSS,** | ) | **CASE NO. 5:25 CV 1350** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **UNITED STATES OF AMERICA,** | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Raeshaun Perry Ross, an inmate in USP Canaan in Waymart, Pennsylvania filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241.  His Petition is very brief.  He states, "Do [sic] to President Trump's Executive Order 14206 § 1...all firearm ammunition cases must be dismissed.  All convictions for it are no longer good so the Defendant[sic]  request[s] that do [sic] to this (Executive Order 14206  § 1) that the 01/31/2023 convictions for possession of [a] firearm, which took place in the Northern District of Ohio now be vacated & the Defendant [sic] now be freed/released, as it states do [sic] to any possession of firearm and ammunition case/conviction being a violation to the Defendant's [sic] Second Amendment rights."  (Doc. No. 1 at Page ID #: 1).  He states that his conviction must be vacated and he must be released from the custody of the Federal Bureau of Prisons.

## I.  BACKGROUND

Petitioner was convicted on December 1, 2017 in the Stark County, Ohio Court of

Common Pleas of felonious assault with a firearm specification. *See United States v. Ross*, No. 5:22 cr 139 (N.D. Ohio Jan. 31, 2023)(Doc. No. 1 at PageID #: 1). On February 1, 2022, Canton, Ohio police officers found Petitioner passed out behind the wheel of a vehicle at an intersection near a local hospital. *Id.* (Doc. No. 16 at PageID #: 54-55). He had a loaded firearm, specifically a Ruger, Model LCP 2, .380 auto caliber pistol, on his lap. He also had two boxes of ammunition. He was indicted in this federal court on March 17, 2022 with one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He pled guilty to the indictment on October 6, 2022. The Court sentenced Petitioner to 37 months concurrent with and 29.21 months consecutive to his Stark County sentence in Case No. 2017cr0980.

On June 24, 2025, Petitioner filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He claims that President Trump signed an Executive Order on February 7, 2025 nullifying all convictions for firearm and ammunition offenses. He claims that he is entitled to have his conviction vacated under this Order. He refers the Court to "Range v. Garland 3rd Cir. 2024." (Doc. No. 1 at PageID #: 1).

Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 in his criminal case on July 25, 2025. He asserts his entitlement to have his conviction vacated under Executive Order 14206 § 1 and "Range v. Garland." That Motion is still pending.

## II. STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus

to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under Section 2243).

### III. ANALYSIS

Petitioner is not entitled to relief under 28 U.S.C. §2241. As a general matter, 28 U.S.C. §§ 2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 is the avenue for relief for federal prisoners to challenge their conviction or sentence, while §2241 "is appropriate for claims challenging the execution or manner in which the sentence is served," for example, denial of good time credits. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Therefore, federal prisoners "that seek to challenge their convictions or imposition of their sentence" must assert such claim in the sentencing court under §2255. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot maintain both a § 2255 Motion and a § 2241 to assert the same issue.

In this case, Petitioner is directly challenging his conviction.  His only recourse is to seek relief in a Motion to Vacate under § 2255.[1]  He cannot proceed with these claims a § 2241 Petition.

## IV.  CONCLUSION

Accordingly, this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

8/13/2025

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1]  The Government filed a Motion to Dismiss Petitioner's §2255 Motion in Case No. 5:22-cr-00139.  Petitioner's his response is due no later than 12:00 p.m. on August 29, 2025.